Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MOET HELMS, on behalf of herself and all others similarly situated,<br><br>                     Plaintiff(s),<br><br>-against-<br><br>SIMMS ASSOCIATES, INC.,<br><br>                     Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.  The mailing addresses of the parties to this action are:

    MOET HELMS
    18C Franklin Drive,
    Maple Shade, New Jersey 08052

    SIMMS ASSOCIATES, INC.
    800 Pencader Drive
    Newark, Delaware 19702

**PRELIMINARY STATEMENT**

2.  Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, SIMMS ASSOCIATES, INC. ("SIMMS ASSOCIATES") and JOHN DOES 1-25 their employees, agents and successors (collectively

"Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Burlington County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. SIMMS ASSOCIATES maintains a location at 800 Pencader Drive, Newark, Delaware 19702.

8. SIMMS ASSOCIATES uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. SIMMS ASSOCIATES is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from SIMMS ASSOCIATES (*See* **Exhibit A**), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to January 29, 2021, Plaintiff allegedly incurred a financial obligation to WILMINGTON SAVINGS FUND SOCIETY, FSB ("WSFS").

19. Plaintiff allegedly incurred the WSFS obligation in connection with a direct deposit or membership share account.

20. The WSFS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the WSFS obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. The WSFS obligation did not arise out of a transaction that was for non-personal use.

23. The WSFS obligation did not arise out of a transaction that was for business use.

24. The WSFS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. WSFS and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or before January 29, 2021, the WSFS obligation was referred to SIMMS ASSOCIATES for the purpose of collection.

27. At the time the WSFS obligation was referred to SIMMS ASSOCIATES the WSFS obligation was past due.

28. At the time the WSFS obligation was referred to SIMMS ASSOCIATES the WSFS obligation was in default.

29. Defendant caused to be delivered to Plaintiff a letter dated January 29, 2021, which was addressed to Plaintiff and sought a balance of $1,932.21 on the WSFS obligation. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30. The January 29, 2021 letter was sent to Plaintiff in connection with the collection of the WSFS obligation.

31. The January 29, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The January 29, 2021 letter was the initial written communication that Plaintiff received from Defendant. No other written communication was received by Plaintiff from Defendant within five days of the January 29, 2021 letter.

33. Upon receipt, Plaintiff read the January 29, 2021 letter.

34. The January 29, 2021 letter stated in part:

> This is a formal demand upon you for your payment of this debt. Wilmington Savings Fund Society, FSB has authorized us to accept a discounted payoff of your current balance to settle the above referenced account.
>
> Therefore, we are presenting you with three options that will enable you to avoid further collection activity.
>
> Option 1: Pay ONE PAYMENT in the amount of $1,352.55 to settle this account. This payment must be received in this office on 02/06/2021; or
>
> Option 2: Pay TWO PAYMENTS in the amount of $724.58 each to settle this account. This payment must be received in this office on 02/13/2021 12:00:00 AM then final installment within 30 days from initial payment; or
>
> Option 3: A monthly payment plan suited for your unique financial situation is available upon request . Please contact us at (866) 572-8798 or via email at CustomerService@simmassociates.com to discuss the option you selected, to select due dates or if you need more details specific to this offer.
>
> By resolving this matter, you will make continued collection efforts unnecessary. Our offer of settlement does not affect our right to dispute the debt. This is a limited time offer that may not be renewed. Please respond to this offer promptly.
>
> This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

35. Option 2 as presented by Defendant is confusing and incomprehensible to the lease sophisticated consumer.

36. In addition, the January 29, 2021 letter stated in part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

37. This notice is mandated by 15 U.S.C. § 1692g(a)(3) through (5) ("Validation Notice").

38. In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

39. In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

40. A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

41. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

42. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

43. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

44. A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

45. Defendant's demand for payment within the 30-day validation period under Option 1 and Option 2 without any reconciling statement rendered the Validation Notice invalid.

46. Defendant's demand for payment within the "30 day dispute period" without explaining that its demand did not override the consumer's right to dispute ("Reconciling Statement") rendered the Validation Notice ineffective.

47. Without the inclusion of a "reconciling statement", Defendant's letter violates the FDCPA as it overshadows and renders the Validation Notice ineffective.

48. Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does not explain how the demand for payment fits together with the consumer's right to dispute the debt. See Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir 2000).

49. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 WL 3696126, at *9

(D.N.J. July 24, 2014), <u>Grubb v. Green Tree Servicing</u>, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

50. Plaintiff and others similarly situated would be confused by Defendant's demand for payment within the "30 day dispute period" allowed under the FDCPA. If Plaintiff and others similarly situated sent payment within the "30 day period" would they be giving up their rights to dispute the debt or have it verified? If Plaintiff and others similarly situated disputed the debt and also sent payment, and the debt was found invalid, would Defendant return the payment?

51. Defendant's letter does not direct the consumer to dispute the debt with a particular address for an in writing dispute.

52. The Collection Letter includes three separate addresses for Defendant:

| 800 Pencader Drive | DEPT. 647 | P.O. Box 7526 |
| Newark, DE 19702 | PO BOX 4115 | Newark, DE 19714 |
|  | Concord, CA 94524 |  |

53. The least sophisticated consumer may be dissuaded from disputing the debt at all, since he or she may not know to which of the three addresses the debt dispute letter should be sent.

54. Alternatively, the least sophisticated consumer may believe that he or she would have to send two dispute letters, one to each address, in order to dispute the debt, and thus decide that doing so would be too expensive or too difficult to do.

55. The use of multiple addresses by Defendant overshadowed the disclosure of the consumer's right to dispute the debt and obtain verification of the debt.

56. As a result of the inclusion of multiple addresses, Plaintiff sustained a concrete, actual injury.

57. Defendant's January 29, 2021 letter creates confusion and leaves the Plaintiff and others similarly situated uncertain as to their dispute rights under the FDCPA.

58. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

59. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

60. SIMMS ASSOCIATES knew or should have known that its actions violated the FDCPA.

61. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### POLICIES AND PRACTICES COMPLAINED OF

62. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

63. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*  VIOLATIONS

64. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

65. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

66. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

67. Defendant's letters would cause the least sophisticated consumer to be confused about his or her right to dispute the debt in light of with Defendant's demand for payment within the "30 day dispute period".

68. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

69. As described herein, Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

70. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

71. Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

72. Defendant violated 15 U.S.C. § 1692g, by failing to effectively convey the Validation Notice.

73. Defendant violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(3) and (4).

74. Defendant violated 15 U.S.C. §. 1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

75. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

76. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

77. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

78. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

79. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

80. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

81. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 9, 2021               Respectfully submitted,

By:   *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: March 9, 2021

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff